**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aaron E. Wittkamper, | ) | No. CV 11-8169-PCT-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

Plaintiff Aaron E. Wittkamper, who is confined in the Arizona State Prison Complex-Douglas, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 30, 2011 Order, the Court denied the Application to Proceed with leave to refile. On December 16, 2011, Plaintiff filed a new Application to Proceed. The Court will dismiss the action.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $26.40. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according

to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections Director Charles L. Ryan; Warden Ernie Garcia; Assistant Warden Heather Pruett; and C.O. II Mail and Property Officer J. Estrada.

Plaintiff raise three claims for relief. In Count I, Plaintiff claims his Fourteenth Amendment rights were violated when Defendant Estrada inspected and accepted Plaintiff's out-going legal mail and then failed to log Plaintiff's mail in the out-going mail log. Plaintiff further claims that his mail "was lost by C.O. II J. Estrada for twenty-two days."

In Count II, Plaintiff claims that Defendant Estrada's actions denied him access to the courts because his legal document was filed with the court "out of the 20 day time frame" and his case was dismissed with prejudice.

In Count III, Plaintiff alleges that Defendant Estrada inspected his legal mail while Plaintiff was present and had Plaintiff seal the envelope in her presence. Plaintiff claims that when "the receiving party finally re[ceived] the legal documents 22 days later, the envelope was taped back closed and upon opening it . . . the documents were not in order and some of the documents were not in the envelope." Plaintiff claims that this shows his legal mail was reopened and searched outside of his presence.

Plaintiff seeks three million dollars in damages.

. . .

. . .

## IV. Failure to State a Claim

### A. Defendants Ryan, Garcia, and Pruett

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendants Ryan, Garcia, or Pruett personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. In fact, Plaintiff has made no allegations against these Defendants. The Court will therefore dismiss without prejudice Defendants Ryan, Garcia, and Pruett.

### B. Counts I and III

Plaintiff has not alleged facts in Count I sufficient to state a claim for interference with his legal mail. Plaintiff shows only that Defendant Estrada properly inspected the mail in his presence but then negligently failed to log his mail and subsequently lost it. These facts do not rise to the level of a constitutional violation because a single instance of negligent behavior is not actionable. "[T]he Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986); see also, Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (a single instance of inadvertent opening of legal mail outside an inmate's presence, while not to be condoned, is not actionable as a constitutional violation).

Similarly, Plaintiff's allegations in Count III are insufficient to state a claim. Plaintiff alleges that he witnessed Defendant Estrada search his legal mail and then sealed the envelope, and that when the envelope was delivered it had been opened and documents were missing. Nothing in this line of facts suggests that Defendant Estrada opened Plaintiff's mail after he sealed it. Any number of mishaps might have plagued Plaintiff's envelope in the course of its travels through the mail system.

The Court will dismiss Counts I and III for failure to state a claim.

### C. Count II

In Count II, Plaintiff claims that because of Defendant Estrada's actions, he was denied access to the courts. Again, Plaintiff has shown only that Defendant Estrada was negligent in failing to log his outgoing legal mail. This does not state a claim under § 1983. Hines v. Boothe, 841 F.2d 623, 624 (5th Cir. 1988) ("Negligence does not state a claim under section 1983 and the facts alleged by [plaintiff] with regard to the loss of his legal mail do not constitute more than negligence."); Silva v. DiVittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (the right to access to the courts also includes the ability to litigate claims "without *active interference* by prison officials") (emphasis in original).

Accordingly, the Court will dismiss Count II for failure to state a claim.

## V. Dismissal without Leave to Amend

Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be permitted). The Court finds that Plaintiff's claims cannot be cured by amendment and will therefore dismiss the Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 5) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.40.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 7th day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge